## JOHN B. RICHARDSON *v.* L. P. MALONE.

**Assignment of Error.**
> Where it is assigned "That the judgment is erroneous," if such a general assignment can be considered at all it will be for the purpose only of determining the right of recovery by the appellee on the facts of the case, without regard to the pleadings.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

#### April 11, 1878.

OPINION BY JUDGE PRYOR:

The judgment rendered by the court below is the error complained of in this case. In what respect that judgment is erroneous is not suggested by counsel, and this court is left to examine the entire record for the purpose of ascertaining the cause of appellant's complaint.

Is the judgment erroneous by reason of defective pleadings, or for want of evidence to support it? This court is left to institute an inquiry for the purpose of responding to its own suggestions, and not to any assignment of error to which our attention has been called. The single complaint is "that the judgment is erroneous," and if such a general assignment can be considered at all it will be for the purpose only of determining the right of recovery by the appellee on the facts of the case, without regard to the pleadings. It is shown beyond controversy by the statements of both parties that the conveyance in question has deprived the appellee (Mrs. Malone) of an estate in fee simple by converting it into an estate for life.

The object of the appellee, prior to her marriage, as she often indicated to her brother, was to secure her patrimony so as to have it under her own control, or rather in the hands of a trustee to be held for her sole and separate use, "with none to derive any benefit therefrom but herself." This was the plain purpose and intention of both

Mrs. Malone and her brother, who proffered to act as her trustee, and who had been her guardian for years. She confided in his counsel and looked to him for aid in securing this estate in the manner she had no doubt long contemplated. This he undertook in good faith to do, and neither the trustee nor the appellee seems to have known that the deed was executed in any other way than to secure the property to the separate use of the sister. She had no idea that she was parting with the absolute fee, and accepting a life estate only. There was no reason for this parting with the right to dispose of her property, or any suggestion made that such should be the character of the deed to be executed to the trustee. After the deed was written the appellant (the trustee) explained the contents to her by saying: "In a word it is this: You have deeded your property into my hands as your trustee for your sole and separate use to the exclusion of husband, brothers, or any other relative to derive benefit from it." Such was the understanding of both the beneficiary and the trustee, and neither supposed that her estate had been diminished by creating a life estate, and designating those entitled in remainder.

The instructions by the trustee to the draftsman of the deed were to prepare such an instrument as would place her property in his hands so that no one would be able to derive any benefit from it but herself. The creation of a life estate never suggested itself to the trustee, and the character of the estate created by the deed could not have been explained to the appellee by him for the reason that he did not understand what was meant by a life estate, and was unable to explain it when examined as a witness in this case. His explanation of its contents to his sister has already been given, and both parties supposed it secured the property to her separate use.

The appellee will not be presumed to know more of the nature of conveyances than her trustee, and particularly when this record shows that she was ignorant of even ordinary business transactions. She was unwilling to manage her own estate after she had arrived at age, and having implicit confidence in her brother was anxious to make him her trustee for the purpose of controlling it. Nor are we disposed to adjudge that he has abused this confidence, as the record shows he was as much deceived as to the contents of the deed as the sister. It was a mistake of both parties as to its contents, resulting from the failure of the trustee to explain to the draftsman more fully the nature of the instrument he desired him to prepare. Mrs. Malone did not understand the character of the conveyance she was

executing, nor did the trustee communicate to her the nature of the instrument, for the reason that he did not understand its contents.

It was his duty, however, to have made some inquiry and to have informed himself as to the contents of the paper he was presenting to his sister for her signature. She had trusted him with the duty alone of having a deed made securing her property to her separate use, and when finding he has not done so no objection should have been made to reforming or canceling the instrument.. It is also maintained that this conveyance was in fraud of the marital rights of the husband. An amended petition was filed asking a cancelment of the deed on this ground. We deem it unnecessary to notice the question, as the husband has consented that the wife shall hold the property in controversy for her separate use, and with the original estate restored to the wife, marital rights in the event of the death of the wife can be asserted. It may be insisted, as the original petition charges fraud alone on the trustee, and the proof showing the terms of the conveyance was not understood by either, that there is no allegation or pleading authorizing relief on that ground. As we have already seen under a general assignment of errors like this, if the proof shows a right of recovery, the pleadings must be regarded as sufficient to sustain the judgment; in other words, although the petition may be defective or insufficient, if this is not assigned for error the judgment must stand, and the proof justifies the relief given by it.

It was proper that the chancellor, when reforming the deed or correcting the one made to the trustee, should require the trustee to surrender the trust, by conveying the property to the wife for her separate use. The unpleasant relations existing between these parties would forbid the chancellor from retaining the appellant as trustee, and.it is to the interest of both that this trust relation should be severed. Judgment *affirmed*.

*S. B. Richardson, S. & J. Caldwell, for appellant.*

*Caldwell & Harwood, Beattie & Winchester, for appellee.*